## TREMAYNE et al,
*Respondents,*

*v.*

## LIEBREICH,
*Appellant.*

(A8406-03699; CA A37062)

735 P2d 661

John R. Faust, Jr., Portland, argued the cause for appellant. With him on the briefs was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Tony Pizzuti, Canby, argued the cause and filed the brief for respondents.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals from a judgment that awarded compensatory and punitive damages for tortious interference with plaintiff Stanley Tremayne's employment relationship.[1] We reverse.

In *Top Service Body Shop v. Allstate Ins. Co.,* 283 Or 201, 582 P2d 1365 (1978), the Supreme Court stated that

"a claim [that alleges intentional interference with contractual or other economic relations] is made out when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself. Defendant's liability may arise from improper motives or from the use of improper means." 283 Or at 209.

*Top Service* was cited with approval in *Straube v. Larson,* 287 Or 357, 600 P2d 371 (1979), where the Court commented:

"[I]n *Top Service* we decided that defendant's improper intent, motive or purpose to interfere was a necessary element of the plaintiff's case * * *. Thus, to be entitled to go to a jury, plaintiff must not only prove that defendant intentionally interfered with his business relationship but also that defendant had a duty of non-interference; *i.e.,* that he interfered for an improper purpose rather than for a legitimate one, or that defendant used improper means which resulted in injury to plaintiff." 287 Or at 361.

Defendant argues that the trial court erred in denying his motion for a directed verdict, because there was no evidence that he acted with an improper motive.[2] After reviewing the record in the light most favorable to plaintiffs, *James v. Carnation Co.,* 278 Or 65, 67, 562 P2d 1192 (1977), we hold that, as a matter of law, there was no evidence from which the jury could conclude that defendant's interference, if any, was done with an improper purpose or motive.[3] *See James v.*

---

[1] Plaintiffs' complaint alleges that defendant induced MacLeod, president of Biamp Systems, Inc., to terminate Stanley Tremayne's employment in order that defendant "could take effective control of the company and operate it in a manner so that plaintiffs' common stock in [the company] would have no value."

[2] Plaintiffs did not allege that defendant used improper means to induce the termination, and we reject their arguments to the contrary. *See* n 1, *supra.*

[3] No useful purpose would be served by setting out the facts in more detail than in n 1, *supra.*

*Carnation Co., supra,* 278 Or at 69. The trial court therefore erred in denying defendant's motion for a directed verdict.

Reversed and remanded for entry of judgment for defendant.[4]

---

[4] Because we hold that defendant was entitled to a directed verdict, we need not reach his other assignment of error.